IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA      §
                              §
                    Plaintiff,  §
                              §   Criminal No. 3:10-CR-333-D(01)
VS.                           §
                              §
BLAISE HANCOCK,               §
                              §
                    Defendant,  §
                              §
and                           §
                              §
THE VANGUARD GROUP, INC.,     §
                              §
                    Garnishee.  §

MEMORANDUM OPINION
AND ORDER

In this garnishment proceeding, defendant Blaise Hancock ("Hancock") is pursuing a claim for exemptions under 26 U.S.C. §§ 6334(a)(4), (a)(7), and (d). He requests a hearing and a transfer to the Southern District of New York, where he resides. Hancock also moves for an extension of time to respond to the writ of garnishment. For the reasons explained, the court denies Hancock's claim for exemptions, request for a hearing, and motion for extension of time, and denies as moot his request for a transfer.

I

Hancock pleaded guilty to conspiracy to commit mail fraud in violation of 18 U.S.C. §§ 1349 and 1341. As part of Hancock's sentence, the court ordered that he pay a $100 mandatory special assessment and the sum of $294,983.01 restitution. Although

(commendably) Hancock has made monthly payments toward his restitution amount, as of October 3, 2020 he still owes the sum of $185,628.76.

In August 2020 the government obtained and served a writ of garnishment on The Vanguard Group, Inc. ("Vanguard"), seeking substantial nonexempt property in its possession, custody, or control belonging or due to Hancock.  Vanguard answered on September 8, 2020, stating that it had an individual brokerage account with a balance of $8,864.77 and a Roth IRA brokerage account with a balance of $50,091.96, both belonging to Hancock.

On September 11, 2020 Hancock filed a claim for exemptions, asserting that the funds in his Vanguard accounts are exempt under 26 U.S.C. § 6334(a)(7) (worker's compensation), 26 U.S.C. § 6334(a)(4) (unemployment benefits), and 26 U.S.C. § 6334(d) (exempt amount of wages, salary, or other income).  In his claim for exemptions, he requests a hearing and transfer to the district where he resides.  Hancock separately moves for an extension of time to file a response to the writ of garnishment.  The government opposes all of the relief that Hancock seeks.

II

Hancock has not established that the funds in his Vanguard accounts are exempt from garnishment.

A

Hancock claims exemptions under 26 U.S.C. §§ 6334(a)(4) and (a)(7).  Although 26 U.S.C. § 6334(a)(4) exempts "[a]ny amount payable to an individual with respect to his

unemployment . . . under an unemployment compensation law of the United States [or] of any State," and § 6334(a)(7) exempts "[a]ny amount payable to an individual as workmen's compensation . . . under a workmen's compensation law of the United States [or] any State," these exemptions do not apply to *previously received* unemployment benefits or worker's compensation. *See Cathey v. U.S. I.R.S.*, 200 F.3d 814 (5th Cir. 1999) (per curiam) ("[W]e agree that § 6334(a)(7) does not prohibit a levy of funds already paid—as opposed to payable—as worker's compensation."); *United States v. Place* 2018 WL 3354971, at *2 (W.D. La. June 18, 2018) (holding that the exemption for unemployment benefits under 26 U.S.C. § 6334(a)(4) "does not apply to previously received unemployment benefits."); *see also United States v. Bomhak*, 2019 WL 5255279, at *2 (W.D. Okla. Sept. 18, 2019) ("[A]mounts 'payable' [under §§ 6334(a)(4) and (7)] do not apply to funds already in a bank account." (citing cases)).  Here, the government seeks to garnish Hancock's brokerage accounts.  Even if the funds in these accounts were *originally* unemployment benefits or worker's compensation benefits, the funds would have ceased being covered by the exemptions once they were deposited.  *See Bomhak*, 2019 WL 5255279, at *2.  In other words, because the funds in Hancock's Vanguard accounts are not *payable* unemployment benefits or worker's compensation, they are not exempt under 26 U.S.C. § 6334(a)(4) or 26 U.S.C. § 6334(a)(7).

B

Nor is Hancock entitled to an exemption for wages, salary, or other income under 26 U.S.C. § 6334(d).

Congress did not expressly adopt or include § 6334(d) as one of the specifically enumerated exemptions in 18 U.S.C. § 3613(c).  Instead, the enforcement of a judgment under 18 U.S.C. § 3613 is subject to the restrictions on garnishment set out in the Consumer Credit Protection Act ("CCPA"), 15 U.S.C. § 1673.  *See* 18 U.S.C. § 3613(a)(3).  Under the CCPA, "the maximum part of the aggregate disposable earnings of an individual for any workweek which is subjected to garnishment may not exceed" the lesser of "25 per centum of his disposable earnings for that week, or . . . the amount by which his disposable earnings for that week exceed thirty times the Federal minimum hourly wage . . . in effect at the time the earnings are payable."  15 U.S.C. § 1673(a).

Assuming *arguendo* that Hancock intends to claim an exemption under the CCPA, rather than 26 U.S.C. § 6334(d), he has not established that the funds in his Vanguard accounts constitute "earnings," as defined in the statute.  *See* 15 U.S.C. § 1672(a) (defining "earnings" as "compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise, and includes periodic payments pursuant to a pension or retirement program.").  Similar to the exemptions for worker's compensation and unemployment benefits, once earnings are deposited into a financial institution, they are no longer protected from garnishment under § 1673(a).  *See, e.g., Kokoszka v. Belford*, 417 U.S. 642, 651 (1974) ("[T]he terms 'earnings' and 'disposable earnings,' as used in [15

- 4 -

U.S.C. §§ 1672 and 1673] . . . [are] limited to 'periodic payments of compensation and [do] not pertain to every asset that is traceable in some way to such compensation.'" (citation omitted));  *United States v. Tisdale*, 2013 WL 4804286, at *4 (N.D. Tex. Aug. 22, 2013) (Horan, J.) ("As for the funds in Defendant's checking and savings accounts held by Credit Union of Texas, once earnings are deposited into an account, those funds are no longer characterized as 'earnings' and therefore lose the 25% exemption."), *rec. adopted*, 2013 WL 4804286 (N.D. Tex. Sept. 9, 2013) (Lindsay, J); *United States v. Armstrong*, 2005 WL 937857, at *4 (N.D. Tex. Apr. 21, 2005) (Stickney, J.), ("Federal courts interpreting the CCPA earnings exemption and state courts interpreting its state law equivalents have consistently held that payments that would otherwise constitute earnings lose their status as earnings once they pass to the hands or bank accounts of the debtor."), *rec. adopted*, 2005 WL 1214669 (N.D. Tex. May 20, 2005) (Sanders, J.); *United States v. Laws*, 352 F.Supp.2d 707, 713 (E.D. Va. 2004) ("Wages which have voluntarily converted into savings are no longer earnings under the CCPA.").  Hancock does not allege that any of the funds currently deposited in the Vanguard accounts are being paid to him on a periodic basis as compensation for personal services.  Accordingly, these funds are not "earnings," and the limitation on garnishment set out in 15 U.S.C. § 1673(a) does not apply.  *See United States v. Berry*, 951 F.3d 632, 638 (5th Cir. 2020) ("Because the funds to be garnished are not compensation paid for personal services, they are not 'earnings,' and the CCPA's limit on garnishment does not apply.").

Under 28 U.S.C. § 3205(c)(5), Hancock has the burden of proving the grounds for the

exemptions he claims.  Because he has failed to satisfy this burden, the court denies Hancock's claim for exemptions.

## III

The court now turns to Hancock's request for a hearing.  Section 3202(d) of title 28 limits the issues that may be addressed at a garnishment hearing to (1) the probable validity of a claim for exemption, (2) compliance with statutory requirements for the issuance of a writ, and (3) certain issues regarding default judgments.  *See* 28 U.S.C. § 3202(d).

For the reasons explained above, Hancock has not proved that he is claiming a valid exemption.

Although Hancock states in his motion for extension of time that the U.S. Attorney's office violated court procedural requirements by "mail[ing] notification to Defendant 16 days after filing," D. Mot. 1, he does not contend that the government failed to comply with any statutory requirement for *issuance of the writ*.[*]  In any event, the government has certified that it served Hancock with the application for writ of garnishment, clerk's notice of exemptions and hearing form, writ of garnishment, answer form, and letter of instructions on August 27, 2020.

---

[*]Hancock maintains in a letter to the court that he received notice of the garnishment from Vanguard on September 8, 2020, and that "[i]n direct violation of notification requirements of Your Honor's Court and all federal courts, no correspondence regarding this has been received by me from the US District Court, nor from US Attorn[eys] Erin Nealy Cox and Morgan Clemons."  D. Sept. 9, 2020 Letter at 1.  But he has not made a *prima facie* showing that the government failed to comply with any statutory requirement for issuance of the writ.

Finally, the United States is enforcing the restitution order as part of Hancock's criminal sentence, not a default judgment. Hancock has therefore failed to raise an issue that would require (or permit) a § 3202(d) hearing. Accordingly, Hancock's request for a hearing is denied.

IV

Hancock seeks an extension of time to file response to writ of garnishment, arguing that some of the documents he needs to answer the writ of garnishment include worker's compensation and unemployment payments that date back to 1998; that it will take several months to gather 22 years of information, if it can be gathered; and that due to the current COVID-19 pandemic, many offices are closed or working remotely, making it difficult for him to obtain the documents he seeks.

The court denies Hancock's request for an extension of time. The court has already held that the funds that the government seeks to garnish are not "payable" worker's compensation or unemployment benefits and are not "earnings," as defined in the CCPA. Because additional documentation of the type Hancock describes will not change this holding, he has not demonstrated that an extension of time to file response to the writ of garnishment is warranted.

V

Because the court is denying Hancock's claim for exemption and request for a hearing, it denies as moot his request for a transfer. There is no need for a hearing in this matter, and, accordingly, no justification for transferring this case to the Southern District of

New York, where Hancock resides.

*   *   *

Accordingly, for the reasons explained, the court denies Hancock's claim for exemptions, request for hearing, and motion for extension of time, and it denies as moot his request for transfer.

**SO ORDERED**.

October 29, 2020.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE