IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| Plaintiff, | § § § |
| | § Criminal No. 3:10-CR-333-D(01) |
| VS. | § § |
| BLAISE HANCOCK, | § § |
| Defendant, | § § |
| and | § § |
| THE VANGUARD GROUP, INC., | § § |
| Garnishee. | § |

MEMORANDUM OPINION
AND ORDER

On October 29, 2020 the court filed a memorandum opinion and order in this garnishment proceeding denying defendant Blaise Hancock's ("Hancock's") claim for exemptions, request for a hearing, and motion for extension of time. *United States v. Hancock* (*Hancock I*), 2020 WL 6365473, at *4 (N.D. Tex. Oct. 29, 2020) (Fitzwater, J). Hancock now moves to release rent payments from garnishment freeze and for an extension of time to respond. The government opposes Hancock's motions and cross-moves for a final order of garnishment. For the following reasons, the court denies Hancock's motions, grants the government's cross-motion, and separately issues a final order of garnishment.[1]

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[ ] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision."

I

Hancock requests that the court order garnishee The Vanguard Group, Inc. to immediately release funds of $1,000 per month so that he can pay rent to the person from whom he rents a room and with whom he shares a bathroom. But he has failed to cite to any authority that supports the relief he seeks. To the extent that Hancock intends to argue financial hardship in reliance on 28 U.S.C. § 3013—which permits the court "at any time on its own initiative or the motion of any interested person, and after such notice as it may require, [to] make an order denying, limiting, conditioning, regulating, extending, or modifying the use of any enforcement procedure"—Hancock has not presented any evidence or information regarding his current financial condition. The absence of such evidence or information supports the denial of relief. *See United States v. Lockhart*, 2014 WL 12503340, at *6 (N.D. Tex. Mar. 25, 2014) (Solis, J.) (denying motion to reduce garnishment based on allegation of "financial[] distress[]" where defendant failed to provide evidence or information regarding his financial condition). Because, based on Hancock's motion, the court is unable to determine whether a modification is appropriate, the court denies his request. *Id.*

II

Hancock also requests a 90-day extension of time "to research and respond to the government's claims regarding garnishment exemption not applying in this case." D. Mot.

---

It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

1. The court has already held as a matter of law, however, that the exemptions that Hancock claims do not apply. *See Hancock I*, 2020 WL 6365473, at *1-3. No additional amount of research will produce results that warrant changing the court's conclusion in this respect. Accordingly, the court denies Hancock's motion for an extension of time to respond.

III

In his November 10, 2020 response to writ of garnishment ("Response"), Hancock maintains that the government has failed to subtract from his remaining restitution balance the $246,111.74 in checks that Hancock allegedly returned to Safeco. This is the same argument that Hancock raised in his May 27, 2014 motion to offset restitution and June 17, 2014 motion to correct forfeiture calculation. In the court's August 19, 2014 order, it concluded that it lacked jurisdiction to grant Hancock the relief he sought, and denied the motions for lack of jurisdiction. *See* Aug. 19, 2014 Order at 1. For the reasons explained in that order, the court again declines to consider Hancock's argument in this respect.

Hancock also argues in his Response that

> [i]f the court fails to deduct the $246,111.74 payment to Safeco from the amount due on restitution, the court still has the power to vacate part or the entire conviction, for which much more than time has been served. Such an action, taken by other federal courts, would restore Defendant's ability to find work at a living wage, to avoid becoming a burden on the already overextended public housing and public assistance systems.

D. Br. 3. But Hancock does not move for an order vacating his conviction. Nor does he set

forth any grounds for doing so.[2]

IV

The government moves for issuance of a final order of garnishment. It maintains that it has complied with all of the statutory requirements; that the only exemptions claimed have been litigated and rejected by this court; and that the government is entitled to the full liquidated value of Hancock's retirement account. The court agrees.

Accordingly, the court grants the government's motion for issuance of a final order of garnishment.

\* \* \*

For the reasons explained, the court denies Hancock's motion to release rent payments from garnishment freeze, denies Hancock's motion for an extension of time to respond, grants the government's cross-motion for a final order of garnishment, and separately issues a final order of garnishment.

**SO ORDERED**.

December 17, 2020.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE

---

[2]Moreover, because Hancock has already filed a motion to vacate under § 2255, the court would be obligated, as it did on a prior occasion, to transfer the motion to the United States Court of Appeals for the Fifth Circuit. *See* July 23, 2014 Order. This is because Hancock has previously filed a § 2255 motion, which the court denied on the merits. *See Hancock v. United States*, No. 3:12-CV-4837-D (N.D. Tex. Nov. 27, 2013) (Fitzwater, C.J.) (judgment).