IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Criminal No. 3:10-CR-333-D(1) |
| | § | |
| BLAISE HANCOCK, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant Blaise Hancock ("Hancock") moves for issuance of a certificate of relief of disability and restoration of civil rights. For the reasons that follow, the court dismisses the motion for lack or jurisdiction, and directs the clerk of court to open a motion to vacate, set aside, or correct sentence for administrative purposes only, to file the motion in that action as a 28 U.S.C. § 2255 motion received on January 12, 2021, and, without further judicial action, immediately transfer the new § 2255 action to the United States Court of Appeals for the Fifth Circuit.

I

On December 1, 2010 Hancock and two other defendants were charged in a 15-count indictment. Hancock pleaded guilty to conspiracy to commit mail fraud, in violation of 18 U.S.C. §§ 1349 and 1341. On November 18, 2011 he was sentenced to 79 months' imprisonment and ordered to pay $294,983.01 in restitution.

Hancock did not appeal. On November 8, 2012 he filed a *pro se* motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255.* On November 27, 2013 his § 2255 motion was denied,

---

*A *pro se* prisoner's filing is deemed filed at the time it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 276 (1988). Hancock's motion is signed and dated

and the court declined to issue a certificate of appealability.

On January 12, 2021 Hancock filed the instant motion seeking a certificate of relief of disability and restoration of civil rights. He maintains that he served nearly six years in federal prison for his conviction, and then served two years of supervised release; that he was released from supervised release on September 25, 2019; that he is barred at this time from many professions (including real estate agent, jobs with a medical license, and jobs requiring him to bear arms); and that he no longer has the right to serve on a federal grand jury or petit jury, to seek federal employment or hold federal office, to obtain a security clearance, or to hold a federal license. Hancock now seeks restoration of all the rights and privileges of citizenship, and the removal of all legal bars and disabilities to employment, election, and licensing, including possessing a gun license, which he believes will open avenues for employment.

II

"[T]here is no Federal procedure for restoring the civil rights of Federal felons." The U.S. Department of Justice, Post-Conviction Restoration of Civil Rights, https://www.justice.gov/archives/jm/criminal-resource-manual-1435-post-conviction-restoration-civil-rights.com (last visited Jan. 20, 2021). In Texas, where this court is located, Article 48.05 of the Texas Code of Criminal Procedure addresses the restoration of civil rights. Article 48.05 provides, in pertinent part:

> Art. 48.05. RESTORATION OF CIVIL RIGHTS
>
> (a)(1) An individual convicted of an offense described by Subdivision (2) of this subsection may, except as provided by

---

November 8, 2012. The court presumes that he delivered it to prison officials for mailing on that date.

> Subsection (b) of this article, submit an application for restoration of any civil rights forfeited under the laws of this state as a result of the conviction.
> (2) This article applies to:
> (A) a federal offense, other than an offense involving:
> (i) violence or the threat of violence;
> (ii) drugs; or
> (iii) firearms; and
> (B) an offense under the laws of another country, other than an offense involving:
> (i) violence or the threat of violence;
> (ii) drugs; or
> (iii) firearms, if the elements of the offense are substantially similar to elements of an offense under the laws of this state punishable as a felony.
> (b) An individual may not apply for restoration of civil rights under this article unless:
> (1) the individual has completed the sentence for the offense;
> (2) the conviction occurred:
> (A) three or more years before the date of application, if the offense is a federal offense; or
> (B) two or more years before the date of application, if the offense is an offense under the laws of another country; and
> (3) the individual has not been convicted at any other time of an offense under the laws of this state, another state, or the United States.

Tex. Code Crim. Proc. Ann. art. 48.05. With certain exceptions, Article 48.05 applies to the restoration of civil rights for those who have been convicted of federal offenses. *Id.* art. 48.05(a)(2)(A). The restoration of civil rights in Texas "is a form of pardon that restores all civil rights under the laws of [Texas]." *Id.* art. 48.05(k).

The Texas Legislature has created a process for those convicted of most federal offenses to have their civil rights restored. In Texas, the proper avenue for the restoration of civil rights for those convicted of federal offenses is as provided in Tex. Code Crim. Proc. Ann. art. 48.05(d) (providing for submission of application to (1) the sheriff of the county in which the applicant resides at the time of application or resided at the time of conviction of the offense, if the individual

- 3 -

resided in this state at that time; or (2) the Board of Pardons and Paroles). Hancock's motion is therefore not properly before this court.

Additionally, Hancock's motion is also arguably an attack on his conviction and/or sentence. Section 2255 provides four grounds that justify relief for federal prisoners who challenge the imposition or length of their sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or, (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). The instant motion will be construed, in part, as a motion filed under 28 U.S.C. § 2255. As noted, Hancock previously filed a § 2255 motion. The Antiterrorism and Effective Death Penalty Act limits the circumstances under which an individual may file a second or successive motion for post-conviction relief. Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996). To file a second or successive § 2255 motion, a movant must show that the motion is based on:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). That determination must be made by a three-judge panel of a United States Court of Appeals before a motion is filed in the district court. *Id.* §§ 2244(b)(3) & 2255(h). There is no evidence that Hancock has received such authorization.

\*   \*   \*

Accordingly, Hancock's motion for issuance of order/certificate of relief of disability and restoration of civil rights is dismissed for lack of jurisdiction. The clerk of the court is directed to

- 4 -

open a new civil action (nature of suit code 510, motion to vacate, set aside, or correct sentence) for administrative purposes only; file the instant motion in that action as a § 2255 motion received on January 12, 2021, and, without further judicial action, immediately transfer the new § 2255 action to the United States Court of Appeals for the Fifth Circuit pursuant to *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002), and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997), as a second or successive motion to vacate.

**SO ORDERED**.

January 20, 2021.

                                               SIDNEY A. FITZWATER
                                               SENIOR JUDGE