IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| Plaintiff, | § |
| | §   Criminal No. 3:10-CR-333-D(01) |
| VS. | § |
| | § |
| BLAISE HANCOCK, | § |
| | § |
| Defendant, | § |
| | § |
| and | § |
| | § |
| THE VANGUARD GROUP, INC., | § |
| | § |
| Garnishee. | § |

MEMORANDUM OPINION
AND ORDER

Defendant Blaise Hancock ("Hancock") filed on January 14, 2021 a memorandum of change in financial situation and motion for relief and accounting in which he requests a suspension or settlement order for any and all remaining restitution obligations and an accounting from the United States Attorney's Office. The government opposes Hancock's motion. For the following reasons, the court denies the motion.

I

Hancock pleaded guilty to conspiracy to commit mail fraud in violation of 18 U.S.C. §§ 1349 and 1341. As part of Hancock's sentence, the court ordered that he pay a $100 mandatory special assessment and the sum of $294,983.01 in restitution. Although (commendably) Hancock has made monthly payments toward his restitution amount, he still

owed the sum of $185,207.22 as of February 4, 2021.

To enforce the court's judgment, the government obtained and served a writ of garnishment on the Vanguard Group, Inc. ("Vanguard") seeking any substantial nonexempt property belonging or due to Hancock. Vanguard answered that it held an individual brokerage account with a balance of $8,864.77 and a Roth IRA brokerage account with a balance of $50,091.96, both belonging or due to Hancock. The court on December 17, 2020, *inter alia*, denied Hancock's claim for exemptions and entered a final order of garnishment ordering Vanguard to pay to the clerk of court 100% of the full liquidated value of Hancock's retirement funds within 21 days. Dec. 17, 2020 Final Order of Garnishment at 2.[1]

Hancock now seeks a suspension or settlement order for any and all remaining restitution obligations. He requests that the court immediately limit or modify his remaining restitution balance and treat the recent garnishment of his savings as a full and final settlement pursuant to 28 U.S.C. § 3013. Hancock also requests that the court direct the U.S. Attorney's Office to provide him "an accounting of the alleged restitution amount including detailed expenditures, receipts, invoices and any other relevant information, as well as what payments/garnishments have been collected and distributed." D. Mot. 2.

II

"Once the sentencing judge imposes a defendant's sentence, the district court has

---

[1] Although as of February 4, 2021 the funds held by Vanguard had not posted, the government states in its response that it hopes payment will be provided soon without any additional judicial intervention.

limited authority to revisit that sentence, and its authority must derive from a specific statute or rule." *United States v. Fromm*, 2014 WL 2864710, at *2 (N.D. Ill. June 18, 2014) (citing *United States v. Goode*, 342 F.3d 741, 743 (7th Cir. 2003)). "A restitution order, like the other components of a criminal sentence, is a final judgment, and it can be modified post-judgment only under limited circumstances." *Id.*

Hancock seeks relief under 28 U.S.C. § 3013, which provides that "[t]he court may at any time on its own initiative or the motion of any interested person, and after such notice as it may require, make an order denying, limiting, conditioning, regulating, extending, or modifying *the use of any enforcement procedure* under this chapter." *Id.* (emphasis added). But because Hancock is not seeking relief with respect to an enforcement procedure, 28 U.S.C. § 3013 is in applicable.

Hancock also appears to seek relief under 18 U.S.C. § 3664(k), which permits the court to adjust the defendant's payment schedule or require immediate payment in full if there is "any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution." *Id.* This provision, however, "provides no basis for the discharge of an entire restitution obligation[.]" *United States v. Maestrelli*, 156 Fed. Appx. 144, 146 (11th Cir. 2005) (per curiam). The court is permitted only to "adjust the payment *schedule*" or "require immediate payment in full." 18 U.S.C. § 3664(k).

Nor does any other statute afford Hancock the relief he seeks, *i.e.*, a full settlement of his restitution obligation. *See United States v. Roper*, 462 F.3d 336, 339 (4th Cir. 2006) ("the terms of the [Mandatory Victim Restitution Act of 1996] clearly dictate that a district

court cannot remit a mandatorily imposed restitution order."). Accordingly, because the court lacks the authority to grant Hancock the relief he requests, the court denies his motion to modify the restitution order.

### III

In response to Hancock's request for an accounting, the government states that it will provide Hancock an accounting of the payments he has made to date, but that it is not permitted to provide him an accounting of payments made by his codefendant because those records are protected by the Privacy Act, 5 U.S.C. § 552a. The government also maintains that, to the extent Hancock seeks documentation related to his criminal case, any such request should be made pursuant to the Freedom of Information Act, 5 U.S.C. § 552.

Because the government has agreed to provide Hancock the documentation it is authorized to provide, and because Hancock has not presented any authority for the additional information he seeks, the court denies his request for an accounting.

\*   \*   \*

For the reasons explained, the court denies Hancock's January 14, 2021 motion for relief and accounting.

**SO ORDERED**.

March 3, 2021.

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　SIDNEY A. FITZWATER
　　　　　　　　　　　　　　　　SENIOR JUDGE